UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
QUENTIN BRIGGS,

       Petitioner,

  -against-

WILLIAM CONNELLY,

       Respondent.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-03285 (ENV)

**VITALIANO, D.J.**

 Pro se petitioner Quentin Briggs is before the Court on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the writ is denied and the petition is dismissed.

## I. Background

 In the early morning hours of August 2, 2003, Larry Woods intervened in an argument between a female bartender and a male patron of the bar at which Woods was working as a security guard.[1] As the controversy escalated, Woods was viciously attacked by Briggs and others in a prolonged altercation which spilled outside. During the attack, petitioner, armed with a knife, slashed Woods in the hand, neck, and face and stabbed him the chest.

 Petitioner was tried by jury in Supreme Court, Kings County and, on May 18, 2005, convicted of first-degree assault. He was sentenced on June 9, 2005 to a determinate term of 12 years imprisonment plus five years of post-release supervision.

 On direct appeal to the Appellate Division, Second Department, petitioner raised claims

---

[1] Because Briggs was convicted, the Court recites the facts in the light most favorable to the verdict. See Garbutt v. Conway, 688 F.3d 79, 80 (2d Cir. 2012).



1

alleging, inter alia, (1) improper bolstering resulted from the trial court's failure to take corrective action after Woods identified petitioner's brother (and accomplice), Alvin Briggs, in front of the jury; (2) the trial court misinterpreted two jury notes, which caused an improper read back of testimony thus prejudicing the jury against petitioner; (3) the trial court improperly refused to charge the jury on inconsistent statements and made continuously one-sided rulings favoring the prosecution; and (4) his sentence was excessive. (Dkt. Entry. No. 6-6 at 1-58.) His first three claims allegedly deprived him of a fair trial.

The Appellate Division upheld the jury verdict and affirmed Supreme Court's sentence, finding that petitioner's first claim was unpreserved for appellate review, that the second and third claims were without merit, and that the sentence was not excessive. People v Briggs, 61 A.D.3d 770, 876 N.Y.S.2d 654 (2009 2d Dep't). Briggs sought leave to appeal to the New York Court of Appeals, raising only the first and fourth claims raised in his briefs to the Second Department. (Dkt. No. 7-2 at 79-81.) Leave to appeal was denied on July 13, 2009. People v. Briggs, 12 N.Y.3d 923, 912 N.E.2d 1085, 884 N.Y.S.2d 704 (2009). Petitioner filed this petition on July 15, 2010.[2] He raises a subset of the claims he had raised to the Appellate Division.[3]

---

[2] The People served and filed their opposition to the petition on October 28, 2010. Pursuant to a scheduling order, petitioner had until November 29, 2010 to reply to that opposition. Instead of replying, petitioner filed two applications for counsel, the first on November 15, 2010 and the second on September 28, 2011. Although district courts are empowered to appoint counsel for habeas petitioners, petitioners have no right to counsel. See Martinson v. United States Parole Comm'n., 02CIV.4913 (DLC)(DF), 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004). After considering the relevant factors, see id., the Court finds the interest of justice does not require the appointment of counsel. Petitioner's motions to appoint counsel are, therefore, denied. Further, petitioner has obviously had ample time to reply including time to ask for additional time and has not. In any event, after a complete review of the record, the Court finds the current briefing is sufficient to enable an intelligent review of the record and the issues petitioner framed.

[3] Unlike at the Appellate division, here, petitioner does not challenge the admission into evidence of arrest photographs of his co-defendants or the prosecutor's summation remarks at trial related to Woods's identification of petitioner's brother.

2

## II. Applicable Law

### A. AEDPA Deference

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under 28 U.S.C. § 2254(a), a federal court is permitted to consider a petition for a writ of habeas corpus only when the petition alleges "that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'" Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (quoting 28 U.S.C. § 2254(a)). Section 2254(d) adds the further requirement that, for any issue adjudicated on the merits in state court proceedings, the petition cannot be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Section 2254(d) reflects the view that [a] habeas corpus [proceeding in federal court] is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781 (1979)).

Pursuant to AEDPA, a federal court is not free to issue a writ of habeas corpus under the independent "contrary to" clause of 28 U.S.C. § 2254(d)(1) unless "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413, 120 S. Ct. 1495 (2000). Similarly, a federal court is not free to issue a writ of habeas corpus under the independent "unreasonable application" clause unless "the state court identifie[d] the correct governing legal

3

principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." Id.

"The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473, 127 S. Ct. 1933 (2007). Federal habeas courts are also required under AEDPA "to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Id. at 473–74 (quoting § 2254(e)(1)).

**B.     Exhaustion**

Only violations of federal law are cognizable on federal habeas review—violations of state law provide no basis for habeas relief. Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475 (1991). Further, with exceptions not relevant here, a federal court is barred from granting a habeas petition if the petitioner has not exhausted all available state remedies. Jones v. Keane, 329 F.3d 290, 294 (2d Cir. 2003) (citing 28 U.S.C. § 2254(b)(1)(A)). "Exhaustion requires a petitioner fairly to present the federal claim in state court." Jones, 329 F.3d at 294. The exhaustion requirement allows state courts the first opportunity "to consider and correct any violation of federal law" and "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982). Apart from explicitly referring to specific provisions of the United States Constitution, a petitioner may fairly present the federal nature of his claim to the state court by (a) citing to "federal cases employing constitutional analysis," (b) citing to "state cases employing constitutional analysis in like fact situations," (c) framing "the claim in terms so particular as to call to mind a specific right protected by the Constitution," or (d)

4

alleging "a pattern of facts that is well within the mainstream of constitutional litigation." Id. at 194; see also Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011).

When federal claims are unexhausted in state court, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Harris v. Reed, 489 U.S. 255, 263 n. 9, 109 S. Ct. 1038 (1989). Thus, "where the exhaustion requirement . . . is not satisfied, but the requisite state court would find petitioner's claim to be procedurally barred, a federal habeas court must deem the claim to be exhausted but procedurally defaulted." Allison v. Khahaifa, 10-CV-3453 KAM, 2011 WL 3298876, at *6 (E.D.N.Y. Aug. 1, 2011); see also St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004). A petitioner's "inability to return to state court" to adjudicate the federal nature of his claims is "an independent and adequate state law ground upon which his claims are procedurally defaulted." Acosta v. Giambruno, 326 F. Supp. 2d 513, 522 (S.D.N.Y. 2004). A federal habeas court can review a procedurally defaulted claim on the merits only if the petitioner can demonstrate cause for the default and prejudice resulting therefrom, House v. Bell, 547 U.S. 518, 536 (2006), or that a fundamental miscarriage of justice will result if the claim is not reviewed, Murray v. Carrier, 477 U.S. 478, 496 (1986).

### III. Discussion

**A.     Claim I is Not Cognizable and, in Any Event, is Procedurally Defaulted**

Assuming arguendo that Briggs's first argument in support of his claim that he was deprived of a fair trial—namely, that the victim's unprompted, in-court identification of petitioner's brother and alleged accomplice amounted to improper bolstering of the victim's identification of petitioner—had been presented to the state court in the guise of a federal claim, it yields no basis for relief. First, regardless of its characterization, the claim fails because "[a]n

5

allegation of improper bolstering does not establish a constitutional claim that is cognizable" in a § 2254 proceeding. Dow v. Walsh, No. 03-CV-424 (LB), 2006 WL 484783 (E.D.N.Y. Feb. 28, 2006). Second, even if it were, a federal claim is procedurally barred from habeas corpus review if the claim was denied on an independent and adequate state law ground, such as a failure to adhere to New York's error preservation rule. Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007); see also Tavarez v. Artus, No. 09–CV–3716, 2012 WL 2872125, at *2 (E.D.N.Y. July 10, 2012). Foreclosing contest here on this point, petitioner raised the improper bolstering claim on direct appeal, which the Appellate Division dismissed as an assignment of error that petitioner failed to preserve for review. Petitioner's failure to comply with CPL § 470.05 [2] mandated dismissal of the claim by the Second Department.[4] Briggs, 61 A.D.3d at 771. It is lost here too.

Moreover, though not pertinent to habeas review, the Court observes from the record that defense counsel did not specifically object to Woods's identification of petitioner's brother on the grounds that it constituted improper bolstering. In fact, the identification of petitioner's brother occurred during the defense's cross-examination of Woods. Defense counsel did not ask for any corrective relief. The failure to preserve cannot be excused because nothing in the record indicates petitioner could demonstrate cause for the default and prejudice or that this Court's failure to consider the federal claim will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 749, 111 S. Ct. 2546 (1991). Relief on this claim is denied.[5]

---

[4] In New York, an objection to "a claim as to the admission of improper bolstering testimony is preserved for appeal only where a timely objection alerts the trial court to that specific basis for the objection." Blue v. Duncan, 03 CIV.1202 LTS GWG, 2004 WL 1172793, at *9 (S.D.N.Y. May 27, 2004). To preserve a claim for appellate review it must "be specifically directed at the alleged [deficiency]." People v. Gray, 86 N.Y.2d 10, 19–22, 629 N.Y.S.2d 173, 652 N.E.2d 919 (1995) (internal quotation marks omitted).

[5] To the extent a liberal reading of the petition suggests that petitioner challenges (1) the

## B. Claims II and III are Unexhausted in State Court but Procedurally Defaulted

Briggs failed to raise the second and third claims in his application for leave to appeal to the Court of Appeals. (Dkt. No. 7-2 at 79-81.) These claims, as a consequence, are unexhausted in state court. See Levine v. Commissioner of Correctional Services, 44 F.3d 121, 126 (2d Cir. 1995) (finding a claim unexhausted for failure to apprise the New York Court of Appeals of the claim). Because petitioner has already pursued his one and only opportunity to present his claims to the Court of Appeals and further collateral review in state court is not permissible, N.Y. Court R. § 500.10(a); N.Y.Crim.Proc.Law § 440.10(2)(c), these claims are deemed exhausted, but procedurally defaulted.

Further, these claims were not presented in state court as violations of federal law and are thus unexhausted on that ground too. Merely alleging deprivation of a fair trial without further arguing that a constitutional (due process) violation has occurred does not sufficiently put the state court on notice of the federal nature of petitioner's claims. See Kirksey v. Jones, 673 F.2d 58, 60 (2d Cir. 1982). In his brief to the Appellate Division, Briggs did not cite any constitutional provisions, federal cases, or state cases employing constitutional analysis, nor did he frame his claims "in terms so particular as to call to mind" a constitutional right, Daye, 696 F.2d at 194. (Dkt. No. 6-6 at 54-66.) Rather, Briggs relied only on state law. These claims are, therefore, unexhausted. Any attempt to exhaust these claims now would be futile because the claims are also procedurally barred from further review in New York state court. See Senkowski, 374 F.3d at 183. Accordingly, the Court deems the claims technically exhausted but

---

admission into evidence of arrest photographs of his co-defendants or (2) the prosecutor's summation remarks at trial related to Woods's identification of petitioner's brother, as he did at the Appellate Division, those challenges are rejected for the same reasons that his first claim is rejected.

procedurally defaulted for this reason as well.[6]

Finally, Briggs cannot meet the standard required to overcome the procedural default of these claims. See Coleman, 501 U.S. at 749. He has not shown cause for failing to assert these claims as violations of federal law in state court, nor has he demonstrated cause for failing to raise them in his application for leave to appeal to the Court of Appeals. Worse still, there can be no argument that the federal claims were exhausted because they somehow were embedded in exhausted state claims because Briggs, as noted above, failed to appeal the state claims as well in his leave application. Moreover, petitioner does not present—nor could the record support—a claim that he is actually innocent such that his conviction would be a fundamental miscarriage of justice.

### C.     Claim IV is not Cognizable on Federal Habeas Review

Lastly, petitioner argues that the trial court abused its discretion by imposing a prison sentence of 12 years and that his sentence should be reduced in the "interests of justice." An excessive sentence claim is not cognizable on federal habeas review if the sentence falls within the statutory range, White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992), which the sentence imposed on Briggs certainly does. As such, this claim does not warrant habeas corpus review.

### Conclusion

For the foregoing reasons, (1) petitioner's applications for counsel are denied and (2) the petition for habeas corpus is dismissed and the writ is denied. Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). In this light, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith

---

[6] This is also true of the first claim made by Briggs. As with all of the claims in this petition, dismissal can rest on more than one ground even if not recited in this Memorandum and Order.

and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York

August 16, 2012

ERIC N. VITALIANO
United States District Judge